IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| CECILE M. LESCS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:19-cv-00061 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| CITY OF WINCHESTER, et al., ) | United States District Judge |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Before the court are Lescs's objections to the court's November 30, 2020 memorandum opinion and order. (Dkt. No. 38.) The court construes Lescs's objections as a motion to reconsider. *See* Fed. R. Civ. P. 54(b) (providing that an order or decision "that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

The court's November 30, 2020 opinion and order granted in part and denied in part motions to dismiss filed by the City of Winchester and the individual defendants. The court also granted defendant Lisa Hyde's motion for summary judgment. (Dkt. Nos. 28, 29.) Lescs argues that the court erred in dismissing certain claims because she was not allowed to conduct discovery prior to the court's dismissal. Lescs, however, was alerted to the need to respond to the motions with counter-affidavits or other relevant evidence. (*See Roseboro* Notice, Dkt. No. 17.) Lescs also does not explain or identify evidence that would have precluded dismissal or the entry of summary judgment. *See* Fed. R. Civ. P. 56(d) (allowing the court to defer consideration of motion for summary judgment if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition"). Finally, Lescs is not

entitled to discovery so that she can defeat or overcome a motion to dismiss. The premise of a Rule 12(b)(6) motion to dismiss for failure to state a claim is that the plaintiff is not entitled to discovery in the first instance. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (explaining that "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). For these reasons, the court will deny Lescs' motion for reconsideration.

Also, before the court is a motion for voluntary dismissal and/or nonsuit of the remaining claims in this action by pro se plaintiff Cecile M. Lescs. (Dkt. No. 37.) Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and Virginia Code § 8.01-380, this motion will be granted, and Lescs's remaining claims will be dismissed without prejudice.

An appropriate order will be entered.

Entered: March 15, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge