IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| CECILE M. LESCS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 5:19-cv-00061-EKD |
| | ) | |
| | ) | By:  Elizabeth K. Dillon |
| | ) | United States District Judge |
| CITY OF WINCHESTER, KEVIN | ) | |
| SANZENBACHER, LTN BAUSERMAN, | ) | |
| ANIMAL WARDEN LIANG, ANIMAL | ) | |
| WARDEN SLONAKER, MR. HESS, PRIOR FIRE | ) | |
| CHIEF JOHN DOE, DETECTIVE LISA HYDE, | ) | |
| MR. GRISDALE, JOHN WILLINGHAM, EDEN | ) | |
| FREEMAN, JOHN DOE POLICE OFFICERS, | ) | |
| JOHN DOE VAGRANTS, JOHN DOE | ) | |
| NEIGHBORS, AND DANNY MOWREY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On March 15, 2021, the court issued a memorandum opinion and order dismissing the remaining claims in this case.  (Dkt. Nos. 40, 41.)  On May 3, 2021, plaintiff filed "objections" to the order of dismissal, which the court construes as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  (Dkt. No. 42.)

Under Rule 60, a court may relieve a party from a final order for a limited set of circumstances, including mistake, fraud, and newly-discovered evidence.  In addition to the specific categories listed, Rule 60(b)(6) allows the court to grant relief for "any other reason that justifies relief."  "To obtain relief from a judgment under Rule 60(b), a moving part must first show (1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside."  *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018).  "The remedy afforded by Rule 60(b) is an extraordinary one that is only to be

invoked upon a showing of exceptional circumstances." *K.C. v. Shipman*, 716 F.3d 107, 117 n.3 (4th Cir. 2013). The exceptional circumstances requirement helps balance the "sanctity of final judgments" with the court's responsibility to ensure justice is done. *S.E.C. v. Tsao*, 317 F.R.D. 31, 36 (D. Md. 2016) (citing *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979)).

Plaintiff argues that the court wrongfully limited her Fourth Amendment claim to being placed in handcuffs without probable cause. However, the court discussed other Fourth Amendment claims, including plaintiff's claim for excessive use of force by continuing to leave her handcuffed in her front yard and plaintiff's claim for being taken into custody for a psychological evaluation. (Dkt. No. 28 at 22–25.) To the extent that plaintiff argues that the court's analysis under the Fourth Amendment was incorrect, plaintiff has failed to meet her burden of showing that she is entitled to relief for any of the enumerated reasons set forth in Rule 60 or that exceptional circumstances justify setting aside the final judgment in this case.

Based on the foregoing, it is HEREBY ORDERED that plaintiff's motion to reconsider (Dkt. No. 42) is DENIED.[1]

The clerk is directed to send a copy of this order and accompanying memorandum opinion to plaintiff and counsel of record for the defendants.

Entered: December 28, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[1] Plaintiff also filed a report that she apparently submitted to the Winchester Police Department that was signed and dated September 28, 2021. (Dkt. No. 43.) Plaintiff's reasons for filing this report are not clear, but the contents of the report do not support her motion for reconsideration.